## The DISCIPLINARY BOARD OF the SUPREME COURT OF RHODE ISLAND

v.

## Robert T. FLYNN.

### No. 80–230–M.P.

Supreme Court of Rhode Island.

April 21, 1980.

Frank A. Carter, Jr., Chief Disciplinary Counsel, Barrington, for petitioner.

Joseph B. Carty, Providence, Guardian Ad Litem, for respondent.

## ORDER

On September 21, 1979, this Court's Disciplinary Board filed a petition setting forth that respondent, Robert T. Flynn, a member of the Bar of this State had been placed under a conservatorship and there was reason to believe that respondent is incapacitated from continuing the practice of law. The petitioner requested this Court to transfer respondent to inactive status pursuant to our Rule 42–17. On January 11, 1980 we appointed Joseph B. Carty, Guardian ad litem for respondent, Robert T. Flynn in this matter.

On March 31, 1980 the Guardian ad litem filed his report with this Court and on April 17, 1980 he appeared before us at our conference and presented his report and results of a complete and thorough investigation. The Guardian ad litem concurred in the petitioner's recommendation that respondent is incapacitated from continuing the practice of law. From the report of the Guardian ad litem and his presentation, we are of the opinion that respondent's condition does not furnish the required capacity to practice law. Therefore, we conclude that the respondent is incapacitated from continuing to practice law at this time and, therefore, transfer him to inactive status by reason of such incapacity until further order of this Court.

Respondent is further directed to furnish to the Clerk of this Court on or before May 15, 1980, the names and addresses of all clients represented by him, and the Clerk shall take such action to protect the interests of said clients as is required in the case of attorneys transferred to inactive status under Rule 42–17.

Respondent may seek reinstatement at some future date if he is able to present evidence of his restoration to good health.